POWELL, J.
This is an action in partition, and is in this court on appeal from the judgment of the court of common pleas. The lands *588 sought to be aparted are described in the petition, and the case is submitted on an agreed statement of facts. The plaintiff is the widow of Henry Hammond, who died intestate and without issue. The defendants are the brothers of the said Henry Hammond. The common source of title is Robert Hammond, the father of said Henry Hammond, Vincent A. Hammond and Edward Hammond. The defendants and Henry Hammond were devisees under the will of Robert Hammond in equal shares. The will of Robert Hammond gave to his wife, Mary A. Hammond, an estate for life, in all his property, real and personal, with power and authority to sell the whole, or any part thereof if necessary for her comfortable maintenance and support. This power of sale was never exercised by Mary A. Hammond, and has no part in the questions for solution in this action, and the same will not be again referred to in this opinion.
Under the will of Robert Hammond, deceased, Mary A. Hammond had only a life estate in the lands sought to be partitioned. Johnson v. Johnson, 51 Ohio St. 446 [38 N. E. 61].
The fee simple title vested at once on the death of Robert Hammond in his three sons as devisees under his will, but subject to the life estate of Mary A. Hammond therein. While the title was thus vested Henry died intestate and without issue. How did his share in said lands descend? Margaret, his widow claims that it descends from him as ancestral property, under the provisions of Sec. 8573 G. C. and there being no children or legal representatives of children, the same passes to and is vested in her as the widow, relict of said decedent for and during her natural life, and that, by operation of the same statute, on the termination of her life estate the real estate passes to and vests in the defendants, Vincent A. Hammond and Edward Hammond, brothers of said Henry Hammond and of the blood of Robert Hammond, the ancestor from whom the estate came.
We are of the opinion that this claim is right and that the same is based on the correct interpretation of the statutes of descent.
Defendants contend that because Henry died before his mother, the life tenant, he never was seized of an estate in said lands or any part thereof. The infirmity in this contention is *589 that it is in conflict with the holdings of the courts of Ohio in similar eases, and which holdings have determined the law so far as the state of Ohio is concerned. Johnson v. Johnson, supra, and many other authorities.
Henry Hammond took a vested estate under the will of his father. It was subject to defeasance, on certain conditions named. These conditions never happened, and his estate became absolute, either in him or in his heir at law, on the death of his mother, without having sold the property for her support. A vested estate always descends to the heir designated by the law. It may be burdened with conditions, but nevertheless, until these conditions defeat the estate, the right to it, the title passes by the statute of descents.
The cases cited by defendants are not applicable to the case under discussion. They relate especially to certain common law incidents that attach to dower estates and estates by the curtesy. These estates at common law, or on statutes declarative of the common law are based on the right to possession only, and where there was no possession nor right of possession in the deceased consort, there was no dower or curtesy. This has all been changed by statute. Curtesy has been abolished, and a statutory dower right substituted in its stead. And the dower right of widows has been broadened and extended so as to include as lands subject to dower “all the real property of which the deceased consort, at decease, held the fee siihple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond or other evidence of claim.” Section 8606 G-. C.
Plaintiff is entitled, on the agreed statement of facts, to a life estate in one-third of the real estate described in the petition, and to an accounting from the defendants for rents and profits, from the date of the death of Mary A. Hammond, deceased, when said life estate accrued to her.
We think also that she is entitled to an order of partition, provided her interest in said lands can be set off to her by metes and bounds, without injury to the value of the said lands, but that no sale of said premises can be had without the consent of all the parties owning an interest in the same.
*590 A decree may be entered as prayed for in accordance with the views expressed in this opinion, and a writ of partition may issue to set off to plaintiff her interest in said real estate by metes and bounds, if the same can be done, but if not, then that such other proceedings may be had in the premises, as are authorized by law. It is also ordered that a special mandate issue to the court of common pleas to carry this judgment into effect.
Houck and Shields, JJ., concur.